**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**SOUTH BEND DIVISION**

| | |
|---|---|
| ROGER D. HOLBROOK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CAUSE NO. 3:09-CV-0277 WL |
| ) | |
| SUPERINTENDENT, INDIANA ) | |
| STATE PRISON, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

Petitioner Roger Holbrook filed a petition for writ of habeas corpus under 28 U.S.C.

§ 2254 challenging his 2004 Dearborn County conviction for murder. Holbrook was

originally convicted of murder and invasion of privacy, for which he received sentences

of sixty-five years and one year. On appeal, the Indiana Court of Appeals vacated his

invasion of privacy conviction and remanded the case for re-sentencing. On remand, the

trial court re-sentenced Holbrook to sixty years imprisonment. In his petition for post-

conviction relief, Holbrook raised the issue of ineffectiveness of trial and appellate counsel.

In his petition for writ of habeas corpus, Holbrook asserts that his trial counsel and his

appellate counsel were ineffective.

In a Habeas Corpus proceeding, "a determination of a factual issue made by a State

court shall be presumed to be correct" unless the petitioner is able to rebut that

presumption "by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). In evaluating a

legal determination made by a State court, the:

AEDPA provides that, when a habeas petitioner's claim has been

adjudicated on the merits in state-court proceedings, a federal court may not
grant relief unless the state court's adjudication of the claim "resulted in a
decision that was contrary to, or involved an unreasonable application of,
clearly established Federal law, as determined by the Supreme Court of the
United States." 28 U.S.C. § 2254(d)(1). A state-court decision is contrary to
this Court's clearly established precedents if it applies a rule that contradicts
the governing law set forth in our cases, or if it confronts a set of facts that is
materially indistinguishable from a decision of this Court but reaches a
different result. A state-court decision involves an unreasonable application
of this Court's clearly established precedents if the state court applies this
Court's precedents to the facts in an objectively unreasonable manner.

*Brown v. Payton*, 544 U.S. 133, 141 (2005) (citations omitted).

For purposes of 28 U.S.C. § 2254(d)(1), clearly established law as determined
by this Court refers to the holdings, as opposed to the dicta, of this Court's
decisions as of the time of the relevant state-court decision. We look for the
governing legal principle or principles set forth by the Supreme Court at the
time the state court renders its decision.

*Yarborough v. Alvarado*, 541 U.S. 652, 660-661 (2004) (quotation marks and citations omitted).

Furthermore, the United States Supreme Court has made clear that district courts should

not independently decide the merits of the petitioner's legal arguments.

As we have explained, a federal habeas court may not issue the writ simply
because that court concludes in its independent judgment that the state-court
decision applied a [United States] Supreme Court case incorrectly. Rather it
is the habeas applicant's burden to show that the state court applied [that
case] to the facts of his case in an objectively unreasonable manner.

*Price v. Vincent*, 538 U.S. 634, 641 (2003) (quotation marks, citations and brackets omitted).

In his petition for writ of habeas corpus, Holbrook asserts his trial counsel did "not

discuss the case sufficiently with him to understand that a mitigation defense arguing

sudden heat for a Voluntary Manslaughter conviction would be the best strategy . . .." (DE

1 at 4). He "contends that his appellate counsel was ineffective for failing to raise the denial

of instructions on Voluntary Manslaughter in the direct appeal." (DE 1 at 5).

In reviewing a petition for federal collateral relief from a state court judgment of conviction, this court must presume as correct the facts as found by the state courts. 28 U.S.C. § 2254(e)(1); *Sumner v. Mata*, 449 U.S. 539, 547 (1981). A habeas petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The Indiana Court of Appeals found that Holbrook was aware of the evidence that the State had against him prior to trial and that he denied that he was there at the time of the murder and was adamant that he was innocent. Holbrook did not admit to his attorneys that he shot the victim until the end of the trial, which precluded his attorneys from presenting a voluntary manslaughter defense. (DE 8-7 at 7-8). Moreover, the Court of Appeals noted that Holbrook's attorneys believed that a sudden heat defense would have been difficult because of the number of shots including one or two that were fired while his victim was lying face down on the floor. (*Id.* at 8).

Holbrook contends that his appellate counsel was ineffective because he did not raise the issue of whether the trial court abused its discretion when it refused to give a voluntary manslaughter defense. The Indiana Court of Appeals rejected his claim that his appellate counsel was ineffective because "as we have already addressed, the evidence at trial did not support giving that instruction. Indeed, on appeal, Holbrook does not direct us to any specific evidence os sudden heat at the time of the shooting." (DE 8-7 at 9).

In order to succeed on his ineffective assistance of counsel claim, Holbrook must

show not only that counsel's performance was unconstitutionally deficient, but also that the deficient performance prejudiced him. *Williams v. Taylor*, 529 U.S. 362, 390-91 (2000) (quoting *Strickland v. Washington*, 466 U.S. 668, 692 (1984)). To show prejudice, a habeas petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

The Indiana Court of Appeals analyzed Holbrook's claims under the *Strickland v. Washington* standard, and determined that he could not satisfy *Strickland's* requirement that he show that the performance of his trial and appellate counsel was unconstitutionally deficient. (DE 8-7 at 6-8). Moreover, the Court of Appeals noted that he would have had serious problems presenting a meritorious voluntary manslaughter defense. (DE 8-7 at 7-8).

The Indiana Court of Appeals' adjudication of Holbrook's ineffective assistance of trial counsel claims was reasonable. There is no basis on the record before the court for this court to conclude that the Indiana Court of Appeals misapplied the standards of *Strickland v. Washington* or that the its adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The Indiana Court of Appeals' conclusion that Holbrook's trial and appellate counsel were not ineffective is supported by the record, and must be accepted by this court because Holbrook has not met his burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

For the foregoing reasons, the court the court **DENIES** this petition.

SO ORDERED on December 9,  2009

 s/William C. Lee          
William C.  Lee, Judge
United States District Court